20-CV-3975 (JGK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDA BOUFERGUEN,

                                                  Plaintiff,

-against-

ANDREW CUOMO, as the Governor of New York; and the CITY OF NEW YORK,

                                                  Defendants.

**CITY DEFENDANT'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

***GEORGIA PESTANA***
*Acting Corporation Counsel of the City of New York*
    *Attorney for Defendant City of New York,*
    *100 Church Street*
    *New York, N.Y. 10007*

    *Of Counsel: Aimee Lulich & Glenne Ellen Fucci*
    *Tel: (212) 356-2369*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT

    POINT I    The Complaint Must Be Dismissed As Against Defendant City Because It is Moot and Fails to State a Claim For Relief ...................................................................1

**Pages**

# TABLE OF AUTHORITIES

**Cases** **Pages**

Geller v. City of N.Y.,
   No. 20-CV-3566 (DLC), 2020 U.S. Dist. LEXIS 87405, * 5 (S.D.N.Y. May
   18, 2020) ................................................................................................................... 3, 4

Soos v. Cuomo et al.
   No. 20-cv-651 (GLS)(DJS), 2020 U.S. Dist. LEXIS 111808* (N.D.N.Y. June
   26, 2020) ....................................................................................................................... 3

**Executive Orders**

N.Y.S. Executive Order No. 202.32, May 21, 2020 .................................................... 2, 4

N.Y.S. Executive Order No. 202.33, May 22, 2020 ................................................. 1, 2, 4

N.Y.S. Executive Order No. 202.45, June 15, 2020 ........................................................ 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

LINDA BOUFERGUEN,

                                 Plaintiff,                        **20-CV-3975 (JGK)**

     -against-

ANDREW CUOMO, as the Governor of New York; and
the CITY OF NEW YORK,

                                 Defendants.
------------------------------------------------------------------------X

## CITY DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Defendant City of New York submits this reply memorandum in further support of its motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim against City Defendant. The position set forth in Plaintiff's opposition brief fails to refute City Defendant's argument in favor of dismissal against it. Consequently, relying on its opening brief, City Defendant submits that Plaintiff fails to plead a plausible Monell claim against the City of New York.

### POINT I

**THE COMPLAINT MUST BE DISMISSED AS AGAINST DEFENDANT CITY BECAUSE IT IS MOOT AND FAILS TO STATE A CLAIM FOR RELIEF.**

In her Complaint, Plaintiff seeks to "[p]ermanently enjoin the defendants from enforcing their public-gatherings bans against protest events with ten or fewer people who engage in social distancing for as long as defendants permit other events that likewise involve ten or fewer people who observe social distancing." Complaint at Wherefore Clause. On May 22, 2020, Governor Cuomo issued State Executive Order No. 202.33, which permitted gatherings for

-1-

any purpose, including protests, of up to ten people provided social distancing protocols were followed. The City of New York adopted State Executive Order No. 202.33 and permitted gatherings of up to ten people for any purpose provided social distancing protocols were followed. See City Executive Order No. 115. Upon information and belief, in adherence with the State Executive Order No. 202.33 permitting gatherings of up to ten people, City Defendant took no enforcement action against Plaintiff at her planned May 23, 2020 protest. This is the exact relief sought by Plaintiff in the Wherefore Clause of her Complaint.

While Plaintiff argues that this Court must take the allegations set forth in the Complaint as true, doing so still demonstrates that there is no longer a justiciable controversy between the parties. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opp.") at p. 1. Namely, State Executive Order No. 202.32, which Plaintiff alleges was unconstitutional due its content-based distinctions, is no longer operative, and the City never took any enforcement action pursuant to State Executive Order No. 202.32. Further, State Executive Order No. 202.33, which permitted Plaintiff to proceed with her planned protest, is also no longer operative. As COVID-19 cases have waned in the City of New York, the State has issued additional executive orders, which the City has adopted, permitting larger gatherings provided social distancing protocols are observed. Indeed, the State and City Executive Orders currently in effect are even less restrictive than the one in effect at the time of Plaintiff's May 23, 2020 protest, and gatherings of up to 50 people, for any lawful reason, are now permitted in the City of New York.[1] Put simply, it is indisputable that Plaintiff is now permitted to gather with ten or fewer people who engage in social distancing for a protest in the City without risk of

---

[1] New York City entered Phase 4 on July 20, 2020, which "allow[s] gatherings of fity (50) or fewer individuals for any lawful purpose or reason…provided that that location of the gathering is in a region that has reached Phase 4 of the State's reopening, and provided further that social distancing, face covering, and cleaning and disinfection protocols required by the Department of Health are adhered to." The State enacted Emergency Executive Order 202.45 on June 15, 2020, which was subsequently adopted by the City of New York.

enforcement action provided Plaintiff's gathering has less than 50 people and engages in social distancing.

Moreover, the plain language of the Complaint makes clear that there is no longer a live controversy to litigate, as Plaintiff only challenges State Executive Order No.202.32, which is no longer in effect and was never enforced by the City against any gathering, let alone a protest involving Plaintiff.  Complaint at Wherefore Clause.  Even if this Court could construe Plaintiff's Complaint as a facial challenge to gatherings limitations in general, such challenge would be futile under the controlling decision in Geller v. de Blasio, No. 20-CV-3566-DLC, 2020 U.S. Dist. LEXIS 87405 (S.D.N.Y. May 18, 2020), which upheld an even more restrictive gatherings ban than the one Plaintiff challenges herein, or the one currently in effect.[2]  The City Executive Order at issue in Geller prohibited gatherings of any size for any purpose, and that City Executive Order was upheld as constitutional.  Geller, 2020 U.S. Dist. LEXIS 87405 at *11.  Therefore, any subsequent expansion of permitted gatherings, such as gatherings of ten, twenty-five or fifty people would obviously pass constitutional muster.

Having received her relief, Plaintiff attempts to stretch the limited allegations in the Complaint to create a live controversy by alluding to claims that were never brought in this action, such as alleged selective enforcement of a *different* Executive Order that pre-dated the Executive Order challenged herein.  Most importantly, Plaintiff has not brought a claim of selective enforcement in this matter, nor has she brought any claim related to purported constitutional injuries arising out of the two arrests described in the Complaint.  Having literally not stated a claim of selective enforcement, Plaintiff now makes the spurious argument that the City did not brief selective enforcement as part of the Motion to Dismiss.  Further, Plaintiff does

---

[2] But see Soos v. Cuomo et al., 20-cv-651 (GLS/DJS), 2020 U.S. Dist. LEXIS 111808* ( N.D.N.Y. June 26, 2020), which granted injunctive relief to plaintiffs with respect to religious gatherings. Of note, both the State and the City defendants have filed Notices of Appeal.

not, and cannot, claim that her arrests were unconstitutional. Both of the arrests described in the Complaint took place during the time that the City Executive Order upheld in Geller was in place. Plaintiff admits that she was violating that Executive Order at the time of the arrests. Plaintiff's argument regarding selective enforcement is a red herring, and the Complaint must be dismissed for failure to state a claim against the City.

Plaintiff additionally makes the equally spurious argument that the City did not address the doctrine of voluntary cessation in its moving papers. However, the sole allegation against the City related to the State Executive Order is that the City would not promise not to enforce the State's Executive Order against Plaintiff if she violated that Order. As described in the City's moving papers, State Executive Orders prevent the City from issuing orders that contradict the State's Executive Orders related to the response to coronavirus. There is no allegation that the City was involved in creating, or, subsequently, amending, the Executive Order at issue. Rather, the City indicated that it would comply with State law. The potential future content of the State's potential future Executive Orders is outside of the City's purview, and the City does not have a basis upon which to address the State's decision-making. The City will, and must, abide by the State's Executive Orders absent an exemption from the State or a Court-order.

As is clear from the four corners of the Complaint, Plaintiff's sole challenge is to State Emergency Executive Order No. 202.32, which has not been in effect since May 22, 2020, and which was never enforced by the City against Plaintiff or anyone else. Moreover, the State and City executive orders currently in effect clearly permit Plaintiff's ten-person protests and actually allows for gatherings for any purpose, including protests, of up to fifty people. Accordingly, because Plaintiff has received the relief sought, and has not stated any cognizable

-5-

claim against the City, the Complaint must be dismissed as against the City as moot and for failure to state a claim.

Dated:    New York, New York
          August 3, 2020

                                                GEORGIA PESTANA
Acting Corporation Counsel
Attorney for Defendant City
100 Church Street
New York, New York 10007

BY:

    /s/_____
Aimee K. Lulich

    /s/_____
Glenne Ellen Fucci

## **CERTIFICATE OF COMPLIANCE**

I certify that the Defendant City's opening brief (Dkt. No. 25) and this reply brief contain word counts of 2,815 and 1,343, respectively, in compliance with the Court's word count limitations for memoranda of law, and otherwise comply with the Court's formatting rules set forth in Individual Practice 2.D.

Dated: New York, New York
      August 3, 2020

                                              __/s Glenne Ellen Fucci_____